**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| LUIS CASTILLO (a.k.a. MAURO CASTILLO), *individually and on behalf of others similarly situated,*<br><br>                                   *Plaintiff,*<br><br>                -against-<br><br><br>DELTA DELI LTD. (d/b/a ALL AMERICAN DELI), JIMMY SAADANY, AMR SAADANY and JOHN DOE,<br><br>                                   *Defendants.* | **SETTLEMENT AGREEMENT**<br>**AND**<br>**GENERAL RELEASE**<br><br>15-CV-6324 |

This Settlement Agreement and General Release of Claims ("Agreement") is entered by Plaintiff Luis Castillo (a.k.a. Mauro Castillo) ("Plaintiff") on the one hand, Delta Deli LTD. ("Defendant Corporation") and Amr Saadany (a.k.a. Jimmy Sadany), and John Doe (together with the Defendant Corporation, "Defendants"), on the other hand.

WHEREAS, Plaintiff alleges that he worked for Defendants as an employee; and

WHEREAS, a dispute has arisen regarding Plaintiff's alleged employment and the terms thereof, which dispute has resulted in the filing of an action in the United States District Court for the Southern District of New York, Civil Action No. 15-CV-6324 (hereinafter "the Litigation"), alleging, among other things, a violation of federal and state wage and hour and overtime laws;

WHEREAS, Defendants deny any violation of federal, state or local laws, including, but not limited to, any and all applicable wage and hour and overtime laws; and,

WHEREAS, the parties desire to resolve all disputes between them without the necessity of further litigation;

NOW, THEREFORE, in consideration of the mutual covenants and promises herein contained and other good and valuable consideration, receipt of which is hereby acknowledged, it is hereby agreed as follows:

1. <u>Payment</u>: Defendants shall pay or cause to be paid to Plaintiff, subject to the terms and conditions of this Agreement, and as full and complete settlement and final satisfaction of Plaintiff's claims and potential claims against Defendants through the Effective Date of this Agreement, including all counsel fees and costs incurred by Plaintiff, the gross sum of Sixty Five Thousand Dollars ($65,000.00) (the "Settlement Amount") to be paid to Plaintiff or his agents or attorneys,

$55,000 of which will be paid to Plaintiff and $10,000 of which will be attributable to attorneys' fees, in six (6) installments, as follows:

(a)     Installment One: A post-dated check in the amount of Fifteen Thousand Dollars ($15,000) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for deposit August 1, 2016 or ten (10) days following approval of the court (whichever is later), delivered to Plaintiff's counsel upon execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel. $12,750.00 of this amount will be distributed to Plaintiff and the remaining $2,250 will be attributable as attorneys' fees.

(b)     Installment Two: A post-dated check in the amount of Ten Thousand Dollars ($10,000) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for deposit September 1, 2016, delivered to Plaintiff's counsel upon execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel. $8,500.00 of this amount will be distributed to Plaintiff and the remaining $1,500 will be attributable as attorneys' fees.

(c)     Installment Three: A post-dated check in the amount of Ten Thousand Dollars ($10,000) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for deposit October 1, 2016, delivered to Plaintiff's counsel upon execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel. $8,500.00 of this amount will be distributed to Plaintiff and the remaining $1,500 will be attributable as attorneys' fees.

(d)     Installment Four: A post-dated check in the amount of Ten Thousand Dollars ($10,000) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for deposit November 1, 2016, delivered to Plaintiff's counsel upon execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel. $8,500.00 of this amount will be distributed to Plaintiff and the remaining $1,500 will be attributable as attorneys' fees.

(e)     Installment Five: A post-dated check in the amount Ten Thousand Dollars ($10,000) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for deposit December 1, 2016, delivered to Plaintiff's counsel upon execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel. $8,500.00 of this amount will be distributed to Plaintiff and the remaining $1,500 will be attributable as attorneys' fees.

(f)     Installment Six: A post-dated check in the amount Ten Thousand Dollars ($10,000) made payable to "Michael A. Faillace, Esq., as Attorney for Plaintiff", for deposit January 1, 2017, delivered to Plaintiff's counsel upon execution of the settlement documents. Determination of the Plaintiff's share, counsel fees, and costs, is the responsibility solely of the Plaintiff and his counsel. $8,250.00 of this amount will be distributed to Plaintiff and the remaining $1,750 will be attributable as attorneys' fees.

The Payment shall be reported on IRS form 1099.

2(a).    Plaintiff's counsel shall file with the court a stipulation of dismissal as against the Defendants, with prejudice, in the form set forth in Exhibit A to this Agreement once the Agreement has been approved by the Court and the first installment has been received by Plaintiff and cleared in Plaintiff's counsel's escrow account. There shall be no distribution of settlement funds from Plaintiff's counsel's escrow account until the Court "so orders" the dismissal of this action.

2(b).    In the event that the Settlement Amount is not paid by the payment dates set forth in paragraph 1 above, or if any check fails to clear (i.e., bounces) on its respective payment date, Plaintiff shall serve a written notice ("Default Notice") upon counsel for the Defendants by certified mail, and the Defendants shall have twenty (20) days from the date of delivery of the Default Notice to cure the default by making such payment together with an additional amount of $100.00 to reimburse for the time and costs of each such bounced check. Upon Defendants' failure to cure a default within twenty (20) days of delivery of the Default Notice, counsel for Plaintiff may immediately file the Affidavit of Confession of Judgment attached hereto as Exhibit B.

3.    Plaintiff shall be solely responsible for any taxes resulting from payments received under the Agreement, and in the event of an audit of Defendants by any taxing authority regarding payments to any Plaintiff in this Agreement, such Plaintiff shall indemnify and hold each of the Defendants harmless to the fullest extent permitted by law, including the payment of any damages, penalties, interest, attorneys' fees and/or judgments that may be incurred by Defendants resulting from any payment under this Agreement. Plaintiff's indemnity obligation is limited to indemnifying Defendants only if the sole cause of Defendants being penalized by a taxing authority is the parties' decision to report the payment to Plaintiff for tax purposes via Form-1099 (as opposed to reporting at least some of the settlement amount as income reported via a W-2 Form).

4.    Release and Covenant Not To Sue: Plaintiff hereby irrevocably and unconditionally releases and forever discharges Defendants, their affiliates, parents, subsidiaries, divisions, assigns, predecessors and successors (by merger, acquisition or otherwise), and the past, present and future officers, directors, partners, shareholders, managers, employees, agents, representatives, volunteers, consultants, insurers and attorneys for each of the foregoing (in both their official and individual capacities) and their respective heirs, executors, administrators, legal representatives and assigns from any and all charges, complaints, claims, and liabilities of any kind whatsoever, known or unknown, suspected or unsuspected (hereinafter referred to as "claim" or "claims") which Plaintiff at any time has, had or claimed to have against Defendants relating to his employment with Defendants under the Fair Labor Standards Act and New York State Labor Law, except that nothing in this Agreement shall operate to preclude Plaintiff from enforcing, or shall adversely affect his right or ability to enforce this Agreement.

5.    No Admission of Wrongdoing: This Agreement and compliance with this Agreement shall not be construed as an admission by Defendants of any liability whatsoever, or of any violation of any statute, regulation, duty, contract, right or order.

6.    <u>Dismissal of the Litigation</u>:   Plaintiff shall file a Stipulation of Dismissal with Prejudice (in the form of Exhibit A, attached hereto, which is incorporated to this Agreement by reference) with the Court in this action after the Court approves the Agreement and after receipt by Plaintiff's counsel of the Installment One payment. In the event that additional documentation is needed to terminate the Litigation as against Defendants, Plaintiff shall execute and submit all documents required to terminate such proceedings.

7.    <u>Modification of the Agreement</u>: This Agreement may not be changed unless the changes are in writing and signed by a proper representative of Plaintiff and Defendants.

8.    <u>Acknowledgment</u>:    Plaintiff acknowledges that he has been fully and fairly represented by counsel in this matter.

Plaintiff and Defendants acknowledge that they are not relying upon any statement, representation or promise in executing this Agreement except for statements, representations or promises expressly set forth in this Agreement. Plaintiff and Defendants further acknowledge and agree that the only consideration for signing this Agreement is as set forth in this Agreement.

Plaintiff represents he has not filed any lawsuits or arbitrations against Defendants or filed or caused to be filed any charges or complaints against Defendants with any municipal, state or federal agency charged with the enforcement of any law.

9.    <u>Notices</u>:    Notices required under this Agreement shall be in writing and shall be deemed given on the first business day following first-class mailing and facsimile transmission thereof. Notice hereunder shall be delivered to:

To Plaintiff:

Michael Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St. Suite 2540
New York, NY 10165
Tel: (212) 317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com

To Defendants:

George Charles Morrison
White and Williams LLP
7 Times Square, Suite 2900
New York, NY 10036
(646) 837-5776
Fax: (212) 244-6200
Email: morrisong@whiteandwilliams.com

10.    <u>Governing Law</u>: This Agreement shall be governed by, and interpreted in accordance with, the laws of the State of New York, excluding the conflict-of-laws principles thereof. The parties consent and stipulate to the personal jurisdiction of the United States District Court for the Southern District of New York, in any subsequent proceeding to enforce this Agreement.

11.    <u>Enforceability</u>: If any provision of this Agreement is held to be illegal, void, or unenforceable, such provision shall be of no force or effect. However, the illegality or unenforceability of such provision shall have no effect upon, and shall not impair the legality or enforceability of, any other provision of this Agreement, provided, however, that upon any finding by a court of competent jurisdiction or an arbitrator that a release or waiver of claims or rights or a covenant set forth herein is illegal, void or unenforceable, Plaintiff agree to promptly execute a release, waiver and/or covenant that is legal and enforceable.

12.    <u>No Re-employment</u>: Plaintiff acknowledges that his employment relationship with Defendants has been permanently severed. Plaintiff understands and acknowledges that Defendants have no obligation to hire him in the future, and he waives any and all rights to reinstatement and/or re-employment with Defendants and agrees that he will not apply for re-employment with Defendants.

13. <u>Return of Confidential Information</u>:    Within eight (8) business days of the execution of this Agreement, Plaintiff and his attorney shall provide to Defendants' attorney any and all Material in their possession, custody or control. For purposes of this Agreement, the term Material in the previous sentence means the original, or a copy of the original and any non-identical copy, whether in physical or electronic format, of all information and data that Plaintiff created, obtained or otherwise acquired in connection with (1) his employment with Defendants; or (2) the underlying Litigation. Plaintiff's counsel agrees that any knowledge or information that he obtained in connection with the underlying Litigation will not be used for any other purpose, including any subsequent litigation against the Defendants.

Notwithstanding anything to the contrary, counsel of record for the parties may retain one copy of documents constituting work product, a copy of pleadings, motion papers, discovery responses, deposition transcripts and deposition and trial exhibits. This Order shall not be interpreted in a manner that would violate any applicable canons of ethics or codes of professional responsibility.

14.    <u>Release Notification</u>: Defendants advised Plaintiff to discuss the terms of this Agreement and release of claims with his legal counsel and Plaintiff acknowledges that he has consulted with Michael Faillace, Esq. of Michael Faillace & Associates, P.C., Plaintiff acknowledges that it is his choice to waive any potential claims in return for the benefits set forth herein and that he made this decision after careful thought and a reasonable period of time to consider this Agreement, and after an opportunity to consult with his attorneys. Plaintiff confirms that this Settlement Agreement and General Release has been translated to him in Spanish and that he understands the terms of this Agreement and that he is signing this Agreement voluntarily.

15.   Counterparts: To signify their agreement to the terms of this Agreement and General Release, the parties have executed this Agreement on the date set forth opposite their signatures, which appear below. This Agreement may be executed in two or more counterparts and each of such counterparts, for all purposes, shall be deemed to be an original but all of such counterparts together shall constitute but one and the same instrument, binding upon all parties hereto, notwithstanding that all of such parties may not have executed the same counterpart.

THEREFORE, the parties to this Agreement now voluntarily and knowingly execute this Agreement as follows:

PLAINTIFF:

Witness

Date: 6/22/16

LUIS CASTILLO (a.k.a. MAURO CASTILLO)

Date: 06-22-16

DEFENDANTS:

Dated: 6/23/16

AMR SAADANY individually and as Owner and President of DELTA DELI LTD.

**EXHIBIT A**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LUIS CASTILLO (a.k.a. MAURO CASTILLO),
*individually and on behalf of others similarly situated,*

                                    *Plaintiff,*

                    -against-

DELTA DELI LTD. (d/b/a ALL AMERICAN DELI),
JIMMY SAADANY, AMR SAADANY and JOHN
DOE,

                                    *Defendants.*

15-CV-6324

**STIPULATION OF VOLUNTARY
DISMISSAL WITH PREJUDICE**

IT IS HEREBY STIPULATED and agreed, by and between the undersigned attorneys for the parties,

that the Complaint and any and all claims that were or could have been asserted in this action against

Defendants DELTA DELI LTD. (d/b/a ALL AMERICAN DELI), JIMMY SAADANY, AMR

SAADANY and JOHN DOE are hereby dismissed in their entirety, with prejudice, and with each party to

bear its own costs, expenses, disbursements, and attorneys' fees.

Date:    New York, New York
         March____, 2016


George Charles Morrison
White and Williams LLP
7 Times Square, Suite 2900
New York, NY 10036
(646) 837-5776
Fax: (212) 244-6200
Email: morrisong@whiteandwilliams.com
*Attorneys for Defendants*

Michael A. Faillace, Esq.
MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd St., Suite 2540
New York, NY 10165
Tel.: 212-317-1200
Fax: (212) 317-1620
Email: michael@faillacelaw.com
*Attorneys for Plaintiff*

**EXHIBIT B**

SUPREME COURT OF THE STATE OF NEW YORK
_____ COUNTY
------------------------------------------------------------X

LUIS CASTILLO (a.k.a. MAURO CASTILLO),
*individually and on behalf of others similarly
situated,*

                         *Plaintiff,*

      -against-

DELTA DELI LTD. (d/b/a ALL AMERICAN
DELI), JIMMY SAADANY, AMR SAADANY and
JOHN DOE,

                    *Defendants,*

------------------------------------------------------------X

**AFFIDAVIT OF
CONFESSION
OF JUDGMENT**

STATE OF NEW YORK    )
                      ) ss.
COUNTY OF NEW YORK  )

       Amr Saadany, being duly sworn, deposes and says:

       I, Amr Saadany, am an owner of Delta Deli LTD. with a principal place of business

located at 42 Water Street, New York, New York 10002.

       I reside at _____.

       I have authority to sign on behalf of Delta Deli LTD. and I am duly authorized to make

this affidavit on the undersigned entity's behalf.

       On behalf of myself personally and on behalf of Delta Deli LTD., I hereby confess

judgment and authorize entry of judgment against myself personally and against Delta Deli LTD.

in favor of Plaintiff for the sum of $90,000.00, less any payments previously received pursuant to

the terms of the Settlement Agreement and General Release of Claims dated June 22, 2016 (the

"Settlement Agreement"), signed by Plaintiff and Defendants in the above-captioned proceeding,

together with interest from the date of the default to the date of entry of judgment, computed as provided in 28 U.S.C. §1961; statutory costs pursuant to 28 U.S.C. §§ 1920, 1921, 1923, and 1924; and reasonable attorneys' fees incurred in entering and enforcing the judgment; and interest on the judgment as provided in 28 U.S.C. § 1961.

This Confession of Judgment is for a debt justly due to Plaintiff pursuant to the Settlement Agreement, and Defendants' default in payment under the Settlement Agreement.

I hereby represent my understanding that upon Defendants' breach of the Settlement Agreement and failure to cure, this Confession of Judgment shall be docketed and entered as a judgment against of each of Delta Deli LTD. and Amr Saadany (a.k.a. Jimmy Saadany), jointly and severally.

_____
Amr Saadany.
Individually. and as owner of Delta Deli
LTD.

Sworn to before me this
___ day of JUNE ___ of 2016

_____
Notary Public

OLGA ELKINA
Notary Public, State of New York
Qualified in Kings County
No. 01EL6303972
My Commission Expires 05/19/2018

17263749v.1

## CORPORATE ACKNOWLEDGMENT
### OF Delta Deli LTD

STATE OF NEW YORK    )

COUNTY OF _NEW YORK_  ) ss:
                      )

On the _24th_ day of _JULE_ , 2016, before me personally came Amr Saadany, as the authorized manager of Delta Deli LTD, to me known who, being by me duly sworn, did depose that he is the authorized manager of Delta Deli LTD, and that he is the individual described in and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

_Olga Elkina_

Notary Public

OLGA ELKINA
Notary Public, State of New York
Qualified in Kings County
No. 01EL6303972
My Commission Expires 05/19/2018

## PERSONAL ACKNOWLEDGMENT OF Amr Saadany

STATE OF NEW YORK    )

                      ) ss:

COUNTY OF _NEW YORK_  )

On the _24th_ day of _JULE_ 2016, before me personally came Amr Saadany, to me known who, being by me duly sworn, did depose and say that he is the individual described herein and who executed the foregoing Affidavit of Confession of Judgment, and duly acknowledged to me that he executed the same.

_Olga Elkina_

Notary Public

OLGA ELKINA
Notary Public, State of New York
Qualified in Kings County
No. 01EL6303972
My Commission Expires 05/19/2018

17263749v.1